# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

### Case 2:25-cv-00631-SPC

---

700 TRUST,

*Appellant.*

---

## APPELLANT'S RESPONSE TO ORDER TO SHOW CAUSE

---

LT Case No.: 2:25-bk-00051-FMD
United States Bankruptcy Court for the Middle District of Florida

---

Gort Law, P.A.
Michael A. Gort
Florida Bar No. 73809
601 Heritage Drive, Suite 457
Jupiter, FL 33458
561-900-0478 Office
561-900-3213 Text and Fax
E-Service: mike@gortlaw.com
Attorney for the Debtor 700 TRUST

COMES NOW 700 TRUST ("700 Trust" or "Appellant" or "Debtor"), by undersigned counsel, and hereby files this response to the ORDER to show cause entered by this Court on August 8, 2025 (Doc. 4) (the "Show Cause Order"), and respectfully states:

## PROCEDURAL BACKGROUND

On May 12, 2025, the bankruptcy court entered *Order Granting Interested Parties' Motion for Sanctions Against Gregory Myers, Barbara Kelly, and Debtor's Counsel* (Bk 140) (the "Sanctions Order").

On May 12, 2025, the bankruptcy court entered *Order Granting Interested Parties' Motion to Dismiss, with Prejudice* (Bk 141) (the "Dismissal Order").

On May 29, 2025, Gregory B. Myers ("Mr. Myers") filed a Notice of Appeal (Bk 146) (the "First Myers Appeal") from the Sanctions Order (Bk 140) and the Dismissal Order (Bk 141).

On May 29, 2025, Barbara Ann Kelly ("Ms. Kelly") filed a Notice of Appeal (Bk 147) (the "First Kelly Appeal") from the Sanctions Order (Bk 140) and the Dismissal Order (Bk 141).

On May 30, 2025, pursuant to Federal Rule of Bankruptcy Procedure 8002, Debtor 700 Trust filed an *Emergency Motion to Extend Time to File Notice of Appeal* (Bk 148) (the "Debtor's Motion to Extend Time").

On June 3, 2025, the bankruptcy court entered an *Order Dismissing [First Myers] Appeal as Untimely Filed* (Bk 149), stating at top "District Order Dismissing Appeal as Untimely" and in the body:

> THIS CASE came on for consideration on the Notice of Appeal filed by Gregory B. Myers ("Appellant") on May 29, 2025 (Doc. No. 146). Appellant appeals from the Court's *Order Granting Interested Parties' Motion for Sanctions Against Gregory Myers, Barbara Kelly, and Debtor's Counsel under 11 U.S.C. § 105 and Federal Rule of Bankruptcy Procedure 9011 and Denying Motion to Strike* (Doc. No. 140) and the Court's *Order Granting Interested Parties' Motion to Dismiss, with Prejudice, for Violating Existing Filing Injunctions and Denying Motion to Strike* (Doc. No. 141) (the "Orders").
>
> The Orders were entered on May 12, 2025. The Notice of Appeal was filed more than 14 days after entry of the Orders.
>
> Under Federal Rule of Bankruptcy Procedure 8002(a)(1), a notice of appeal must be "filed with the clerk of the bankruptcy court within 14 days of the date of entry of the judgment, order, or decree appealed from." This requirement is mandatory and jurisdictional. *In re Provan*, 862 F.2d 318 (9th Cir. 1988); *Matter of Aguilar*, 861 F.2d 873 (5th Cir. 1988); *Stelpflug v. Federal Land Bank of St. Paul*, 790 F.2d 47 (7th Cir. 1986).
>
> The United States District Court's *Amended General Order Establishing Protocols for Processing Bankruptcy Appeals*, Case No. 3:21-mc-00001-TJC (Doc. No. 156), applies to this appeal.
>
> Accordingly, it is
>
> ORDERED that this appeal is DISMISSED.

3

On June 3, 2025, the bankruptcy court entered an *Order Dismissing [First Kelly] Appeal as Untimely Filed* (Bk 150), stating at top "District Order Dismissing Appeal as Untimely" and in the body:

> THIS CASE came on for consideration on the Notice of Appeal filed by Barbara Ann Kelly ("Appellant") on May 29, 2025 (Doc. No. 147). Appellant appeals from the Court's *Order Granting Interested Parties' Motion for Sanctions Against Gregory Myers, Barbara Kelly, and Debtor's Counsel under 11 U.S.C. § 105 and Federal Rule of Bankruptcy Procedure 9011 and Denying Motion to Strike* (Doc. No. 140) and the Court's *Order Granting Interested Parties' Motion to Dismiss, with Prejudice, for Violating Existing Filing Injunctions and Denying Motion to Strike* (Doc. No. 141) (the "Orders").
>
> The Orders were entered on May 12, 2025. The Notice of Appeal was filed more than 14 days after entry of the Orders.
>
> Under Federal Rule of Bankruptcy Procedure 8002(a)(1), a notice of appeal must be "filed with the clerk of the bankruptcy court within 14 days of the date of entry of the judgment, order, or decree appealed from." This requirement is mandatory and jurisdictional. *In re Provan*, 862 F.2d 318 (9th Cir. 1988); *Matter of Aguilar*, 861 F.2d 873 (5th Cir. 1988); *Stelpflug v. Federal Land Bank of St. Paul*, 790 F.2d 47 (7th Cir. 1986).
>
> The United States District Court's *Amended General Order Establishing Protocols for Processing Bankruptcy Appeals*, Case No. 3:21-mc-00001-TJC (Doc. No. 156), applies to this appeal.
>
> Accordingly, it is
>
> ORDERED that this appeal is DISMISSED.

On June 12, 2025, Debtor 700 Trust filed a Notice of Appeal (Bk 156) (the "Debtor's First Appeal") from the Sanctions Order (Bk 140) and the Dismissal Order (Bk 141).

On June 16, 2025—after a hearing on June 11, 2025—the bankruptcy court entered an *Order Denying Debtor's Emergency Motion to Extend Time to Appeal* (Bk 157) (the "Order Denying Debtor's Motion to Extend Time").

On June 17, 2025, Ms. Kelly filed a Notice of Appeal/Motion for Review by a District Judge (Bk 159) (the "Second Kelly Appeal") appealing from the *Order Dismissing [First Kelly] Appeal as Untimely Filed* (Bk 150).

On June 17, 2025, Mr. Myers filed a Notice of Appeal/Motion for Review by a District Judge (Bk 160) (the "Second Myers Appeal") appealing from the *Order Dismissing [First Myers] Appeal as Untimely Filed* (Bk 149).

On June 24, 2025, the bankruptcy court entered an *Order Dismissing [Debtor's First] Appeal as Untimely Filed* (Doc. 164), which states:

> For the reasons set forth below, the Court will dismiss the Appeal as untimely filed. The Court entered the Dismissal Order and the Sanctions Order on May 12, 2025. Under Federal Rule of Bankruptcy Procedure 8002(a)(1), the deadline for appealing the Dismissal Order and the Sanctions Order was May 27, 2025.
>
> On May 30, 2025—three days after the appeal deadline had expired—Debtor filed its *Emergency Motion to Extend Time to Appeal* to which it attached a copy of a notice of appeal of the Sanctions Order and the Dismissal Order. [Bk 148] In the Motion to Extend Time to Appeal,

Debtor alleged that its failure to file the notice of appeal by the May 27 deadline was the result of excusable neglect.

The Court held a hearing on the Motion to Extend Time to Appeal on June 11, 2025. After considering the arguments of counsel, the Court orally denied Debtor's Motion to Extend Time to Appeal. To summarize the Court's ruling, although Federal Rule of Bankruptcy Procedure 8002(d)(1)(B) authorizes the Court to extend the time for filing a notice of appeal if a party files a motion within 21 days of the appeal deadline and demonstrates excusable neglect, the Court concluded that Debtor failed to demonstrate excusable neglect under the standards established by the Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*. [507 U.S. 380, 395 (1993)]. The Court entered its *Order Denying Debtor's Emergency Motion to Extend Time to Appeal* on June 16, 2025. [Bk 157]

Meanwhile, on June 12—notwithstanding the Court's having denied the Motion to Extend Time at the June 11 hearing—Debtor filed its Notice of Appeal. In *In re Williams*, the Eleventh Circuit clarified that because a timely notice of appeal is mandatory and jurisdictional, an appellate court is without jurisdiction to hear an untimely appeal:

> The Supreme Court has emphasized that the timely filing of a notice of appeal is mandatory and jurisdictional. If the notice is not timely filed, the appellate court is without jurisdiction to hear the appeal. [*Williams v. EMC Mortg. Corp. (In re Williams)*, 216 F.3d 1295, 1298 (11th Cir. 2000) (quoting *Advanced Estimating Sys., Inc. v. Riney*, 77 F.3d 1322, 1323 (11th Cir.1996)).]

Because Debtor's Appeal is untimely, the District Court, sitting as the appellate court, has no jurisdiction to hear the

appeal. Accordingly, it is ORDERED that the Appeal is DISMISSED.

On July 8, 2025, Debtor 700 Trust timely filed a Notice of Appeal (Bk 169) (the "Debtor's Second Appeal") from the bankruptcy court's June 24, 2025, *Order Dismissing [Debtor's First] Appeal as Untimely Filed* (Doc. 164).

## RESPONSE AND ARGUMENT

In this appeal, Debtor 700 Trust is appealing the bankruptcy court's June 24, 2025, *Order Dismissing [Debtor's First] Appeal as Untimely Filed* (Doc. 164) — *not* "two Orders from the Bankruptcy Court, entered on May 12, 2025. (Doc. 1 at 1)" as errantly stated in this Court's Show Cause Order (Doc. 4).

### I.    This Court has subject-matter jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158(a)(1).

The Debtor's Second Appeal (Bk 169) was filed on July 8, 2025, within 14 days of the bankruptcy court's June 24, 2025, *Order Dismissing [Debtor's First] Appeal as Untimely Filed* (Doc. 164). Because the bankruptcy court's *Order* (Doc. 164) dismissing Debtor's First Appeal is a final order, this Court has subject-matter jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158(a)(1).

### II.    The Debtor's First Appeal (Bk 156) was timely filed.

The Sanctions Order (Bk 140) and the Dismissal Order (Bk 141) were both entered on May 12, 2025, and state:

> Attorney Drew M. Dillworth, Esq. **is directed to serve a copy of this order on interested parties who do not**

7

**receive service by CM/ECF** and file a proof of service within 3 days of entry of the order.

(Emphasis added). Relevant here, Rule 26, Federal Rules of Appellate Procedure, provides:

(c) ADDITIONAL TIME AFTER CERTAIN KINDS OF SERVICE. **When a party may or must act within a specified time after being served**, and the paper is not served electronically on the party or delivered to the party on the date stated in the proof of service, **3 days are added after the period would otherwise expire under Rule 26(a)**.

(Emphasis added). The First Myers Appeal (Bk 146) was timely filed on May 29, 2025 (i.e., 14 + 3). The First Kelly Appeal (Bk 147) was also timely filed on May 29, 2025 (i.e., 14 + 3).

Relevant here, Rule 8002(a)(3), Federal Rules of Bankruptcy Procedure, provides:

If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise allowed by this rule—whichever is later.

(Emphasis added). Debtor 700 Trust, in accordance with Bankruptcy Rule 8002(a)(3), timely filed its First Debtor Appeal (Bk 156) on June 12, 2025 — within 14 days of the filing of the First Myers Appeal (Bk 146) and the First Kelly Appeal (Doc. 147).

8

III.    **The *Amended General Order Establishing Protocols for Processing Bankruptcy Appeals*, Case No. 3:21-mc-00001-TJC (Doc. No. 156) (the "General Order") is invalid.**

The District Court's General Order provides that "*the presiding bankruptcy judge may enter an order dismissing the appeal for untimeliness*" and that "[u]nless the District Court grants relief from the [bankruptcy court] order dismissing the appeal under the provisions of paragraph 2 below, *the entry of the dismissal order by the presiding bankruptcy judge shall have the effect of dismissing the appeal*." The "provisions of paragraph 2" in turn provide that "[a] party in interest aggrieved by the bankruptcy judge's order dismissing an appeal for untimeliness *may file a motion for review by a district judge* by filing such motion with the Clerk of the Bankruptcy Court within 14 days of the date of entry of the order dismissing the appeal."

The power to issue an order dismissing an appeal rests with the reviewing court (i.e., the District Court), *not* the bankruptcy court from which the appeal originated. As well, the bankruptcy court has no authority to determine if "the District Court, sitting as the appellate court" has jurisdiction, *vel non*, over the instant appeal. See *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56 (1982).

The power to modify the Federal Rules of Bankruptcy Procedure (FRBP) rests with the Supreme Court and Congress. Rule 83, Federal Rules of Civil Procedure, provides that each district court, acting by a majority of its judges, may make and

amend rules governing practice and procedure in all cases and proceedings within its bankruptcy jurisdiction, but those local rules must be consistent with federal statutes and the Rules Enabling Act (28 U.S.C. §§ 2071-75).

The District Court's General Order—an administrative order—standing alone, cannot be used to circumvent federal statutes and the Rules Enabling Act (28 U.S.C. §§ 2071-75) by unilaterally contradicting, altering or changing the FRBP, including the rules governing bankruptcy appeals in Part VIII. To do so would be outside the District Court's scope of authority and contrary to the formal rule-making process overseen by the Supreme Court and Congress.

The District Court's General Order improperly alters "the *rules of decision* by which [the] court will adjudicate [Appellant's] rights" and, therefore, exceeds statutory authorization and Congress's rulemaking power and is invalid. *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010) (citation omitted). The District Court's General Order also transgresses the Constitution's grant of power over federal procedure by arguably providing an Article I bankruptcy judge with authority to *sua sponte* dismiss appeals from her own orders. This is clearly not allowed.

The Supreme Court and the Eleventh Circuit have warned on countless occasions against district judges modifying legislative language to better suit what they perceive to be Congress' purposes and the felt necessities of their policy views.

*Badaracco v. Comm'r of Internal Revenue*, 464 U.S. 386, 398, 104 S. Ct. 756, 764, 78 L. Ed. 2d 549 (1984) ("Courts are not authorized to rewrite a statute because they might deem its effects susceptible of improvement."); *Wright v. Sec'y for Dept. of Corr.*, 278 F.3d 1245, 1255 (11th Cir. 2002) ("Our function is to apply statutes, to carry out the expression of the legislative will that is embodied in them, not to `improve' statutes by altering them."); *Harris v. Garner*, 216 F.3d 970, 976 (11th Cir. 2000) (en banc) ("We will not do to the statutory language what Congress did not do with it, because the role of the judicial branch is to apply statutory language, not to rewrite it.").

**IV.    The Northern District bankruptcy court lacked jurisdiction to enter the order transferring the 700 Trust bankruptcy case to the United States Bankruptcy Court for the Middle District of Florida.**

On November 8, 2024, Debtor 700 Trust filed a voluntary Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Northern District of Florida (Doc. 1). On December 27, 2024, the Northern District bankruptcy court entered a *Memorandum Opinion and Final Order* (Doc. 90) (the "Final Order") which, inter alia, provides:

> The Court reserves jurisdiction to consider and determine sanctions pursuant to 11 U.S.C. § 105(a) and Rule 9011 under a separate motion. This reservation of jurisdiction shall apply whether or not the Court dismisses this case or **transfers this case to the Bankruptcy Court for the Middle District of Florida**.

(Emphasis added).

On January 9, 2025, Debtor 700 Trust appealed the Final Order (Doc. 90) to the United States District Court for the Northern District of Florida (Doc 98) (the "Northern District Appeal"). Subsequently, on January 10, 2025—while the Northern District Appeal was pending an unresolved—the Northern District bankruptcy court entered an Order transferring the 700 Trust bankruptcy case to the United States Bankruptcy Court for the Middle District of Florida (Doc. 102) (the "Transfer Order"). The purported "transfer" of the 700 Trust bankruptcy case to the United States Bankruptcy Court for the Middle District of Florida was one of the matters at-issue in the Northern District Appeal.[1] *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance -- it confers jurisdiction on the [appellate court] and divests the [bankruptcy court] of its control over those aspects of the case involved in the appeal."). See also *Green Leaf Nursery v. E.I. DuPont De Nemours and Co.*, 341 F.3d 1292, 1309 (11th Cir. 2003) (quoting *Dayton Indep. Sch. Dist. v. U.S. Min. Products Co.*, 906 F.2d 1059, 1063 (5th Cir. 1990)).

*Arguendo*, the power to "transfer" the 700 Case to the United States Bankruptcy Court for the Middle District of Florida rested with the United States

---

[1] Notably, 28 U.S. Code § 1408 requires only that Debtor have "principal assets" in the Northern District of Florida; *not* that the Debtor have "*the majority of its* principal assets" in the Northern District of Florida as was asserted by the Northern District bankruptcy court. See *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 109 S.Ct. 1026, 1030-3 1, 103 L.Ed.2d 290 (1989); *Law v. Siegel,* 571 U.S. 415 (2014).

District Court for the Northern District of Florida—the reviewing court—*not* the Norther District bankruptcy court from which the appeal originated. By entering the Transfer Order, the Northern District bankruptcy court effectively circumvented the appeal process and impermissibly interfered with Debtor 700 Trust's rights in the Northern District Appeal. *See Hyman v. Iowa State Bank (In re Health Care Prods.)*, 169 B.R. 753, 755 (M.D. Fla. 1994) (filing notice of appeal from appealable order divests lower court of jurisdiction over issues related to the appeal). Therefore, not only is the Transfer Order void *ab initio* as having been entered without jurisdiction[2], any subsequent actions dependent upon or resulting from the Transfer Order are also void, including, without limitation, all orders entered by the the United States Bankruptcy Court for the Middle District of Florida (Delano, J). Accordingly, this Court should vacate all orders entered by the the United States Bankruptcy Court for the Middle District of Florida, including, without limitation, the Sanctions Order (Bk 140) and the Dismissal Order (Bk 141).

## CONCLUSION

For the reasons set forth above, this Court has subject-matter jurisdiction to hear this appeal.

Dated: August 14, 2025

---

[2] This Court is advised that the Transfer Order is currently on appeal in the United States Court of Appeals for the Eleventh Circuit, Appeal Number: 25-12109-C. To the extent that this Court does not *sua sponte* stay the instant appeal until the Eleventh Circuit resolves Appeal Number: 25-12109-C, Debtor 700 Trust will promptly file a motion to stay the instant appeal pending resolution of USCA11 Appeal Number: 25-12109-C.

Respectfully submitted,

Gort Law, P.A.
By: */s/Michael A. Gort*
Michael Gort
Florida Bar No. 73809
601 Heritage Drive, Suite 457
Jupiter, FL 33458
561-900-0478 Office
561-900-3213 Text and Fax
E-Service: mike@gortlaw.com
Attorney for the Debtor 700 TRUST

## **CERTIFICATE OF COMPLIANCE**

The APPELLANT'S RESPONSE TO ORDER TO SHOW CAUSE complies

with the typeface requirements of the applicable Federal Rules of Appellate

Procedure because it has been prepared in a proportionately spaced typeface using

Microsoft Word in 14-point Times New Roman font.

Gort Law, P.A.
By: */s/Michael A. Gort*
Michael A. Gort

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on August 14, 2025, a true and correct copy of this

document was served CM/ECF upon the parties listed on the attached service list:

Benjamin E. Lambers
Ben.E.Lambers@usdoj.gov

United States Trustee - FTM, 11
USTPRegion21.TP.ECF@USDOJ.GOV

Drew M Dillworth
ddillworth@stearnsweaver.com

Gregory B. Myers
*gregbmyers@verizon.net*

Barbara Ann Kelly
*bakellymyers@verizon.net*

Gort Law, P.A.
By: <u>*/s/Michael A. Gort*</u>
Michael A. Gort
