UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN RE: 700 TRUST

---

700 TRUST,

    Appellant,

v.                                                              Case No.:   2:25-cv-631-SPC

NBC CLUB OWNER, LLC;
NAPLES PROPERTY HOLDING
COMPANY, LLC; and TIDES
NOTE ON NOTE LENDER I, LLC,

    Appellees.

---

## OPINION AND ORDER

    Before the Court is Appellant 700 Trust's Notice of Appeal.  (Doc. 1). Because Appellant's appeal appeared untimely, the Court instructed it to show-cause why the Court should not dismiss the appeal for lack of subject-matter jurisdiction.  (Doc. 4).  Appellant responded.  (Doc. 5).  Given the response, the Court discharges its show-cause order and addresses the merits of the review.

    On May 12, 2025, the bankruptcy court entered two orders: (1) granting sanctions, and (2) granting interested parties' motion to dismiss.  *See* Case No. 2:25-bk-00051-FMD at Docs. 140, 141.  On May 30, 2025, Appellant filed an

emergency motion to extend the time to file a notice of appeal. *Id*. at Doc. 148. On June 11, 2025, the Bankruptcy Court held a hearing on the motion. *Id*. at Doc. 154. And on June 16, 2025, the Bankruptcy Court denied the motion. *Id*. at Doc. 157. In the meantime, on June 12, 2025, Appellant first filed its notice of appeal. *Id*. at Doc. 156. On June 24, 2025, the Bankruptcy Court dismissed Appellant's appeal as untimely. *Id*. at Doc. 164. On July 8, 2025, Appellant filed a second notice of appeal regarding the bankruptcy court's order denying its emergency motion to extend the time to appeal. *Id*. at Doc. 169. The bankruptcy court then followed the Amended General Order Establishing Protocols for Processing Bankruptcy Appeals and construed the second notice of appeal as a motion for review by a District Judge. *Id*. at Doc. 170.

The Court asked Appellant to show-cause why the Court has jurisdiction to take up its appeal of the bankruptcy court's orders granting sanctions and granting a motion to dismiss given it failed to timely file a notice of appeal. (Doc. 4). In its response, Appellant clarified that the issue before the Court is its request for judicial review of the bankruptcy court's order denying its appeal as untimely. (Doc. 5 at 7). The Court agrees this is the scope of review. (*See* Doc. 1-1). And the District's Amended General Order Establishing Protocols for Processing Bankruptcy Appeals permits "a party in interest aggrieved by the bankruptcy judge's order dismissing an appeal for untimeliness" to "file a motion for review by a district judge" within fourteen days of entry of the order

2

dismissing the appeal. *See* Case No. 3:21-mc-00001-TJC (Doc. 156 at 1). Because Appellant's request for judicial review was filed on July 8, 2025—precisely 14 days after the order dismissing its appeal—it was timely. The Court thus finds it has jurisdiction and takes up the merits of the requested review.

The sole issue before the Court is whether the bankruptcy judge correctly found that Appellant's notice of appeal was untimely. "The district court in a bankruptcy appeal functions as an appellate court in reviewing the bankruptcy court's decision." *In re Williams*, 216 F.3d 1295, 1296 (11th Cir. 2000). The Federal Rules of Bankruptcy Procedure provide that "a notice of appeal must be filed with the bankruptcy clerk within 14 days after the judgment, order, or decree to be appealed is entered." Fed. R. Bankr. P. 8002(a)(1). Appellant filed its notice of appeal on June 12, 2025—a month after the bankruptcy court entered the two orders Appellant wishes to appeal.[1] The bankruptcy court thus properly dismissed the appeal as untimely.

Appellant offers no persuasive argument to the contrary. It cites Bankruptcy Rule 8002(a)(3), which provides in pertinent part: "If one party timely files a notice of appeal, any other party may file a notice of appeal within

---

[1] Although Appellant sought more time to file the notice of appeal (after the deadline to file the notice had already expired), the bankruptcy court denied such request. The denial of this request is not before this Court on appeal.

14 days after the date when the first notice was filed[.]" Fed. R. Bankr. P. 8002(a)(3). Appellant argues that two other parties—Barbara Kelly and Gregory Myers—filed notices of appeal on May 29, 2025. *See* Case No. 2:25-bk-00051-FMD (Docs. 146, 147). Since Appellant filed its notice of appeal on June 12, 2025—fourteen days later—it insists that its appeal is timely. (Doc. 5). The problem with this argument is Kelly's and Myers' appeals were not timely filed, as the Court recently ruled. *See* Case No. 2:25-cv-537-SPC at Doc. 4; Case No. 2:25-cv-540-SPC at Doc. 4. It follows then that Appellant's appeal was not timely filed either.

Appellant also argues that the bankruptcy judge did not have the authority to dismiss its appeal as untimely. (Doc. 5 at 9–11). Even assuming this argument had merit, it is moot given the Court has now conducted its own review and finds Appellant failed to timely file its notice of appeal.

Turning to Plaintiff's final argument. Appellant initially filed its bankruptcy petition in the Northern District of Florida. That bankruptcy court transferred the case to the Middle District of Florida. Appellant now argues the Northern District lacked the authority to transfer its bankruptcy petition to this District. (Doc. 5 at 11–13). But that issue is not before this Court on appeal. "Although we will generally construe a notice of appeal liberally, we will not expand it to include judgments and orders not specified unless the overriding intent to appeal these orders is readily apparent on the face of the

4

notice." *Jones v. Comm'r of Soc. Sec. Admin.*, 611 F. App'x 541, 543 (11th Cir. 2015). So the Court disregards this argument.[2]

Accordingly, it is

**ORDERED:**

(1)   The order of the bankruptcy court denying Appellant's appeal as untimely is **AFFIRMED**.

(2)   The Clerk is **DIRECTED** to close the case.

**DONE** and **ORDERED** in Fort Myers, Florida, on August 19, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

---

[2] Appellant claims it appealed the transfer order in the Northern District, but the case was nevertheless transferred while the appeal was pending. Thus, the argument goes, the transfer to the Middle District circumvented its appeal in the Northern District. (Doc. 5 at 5). It is true that Appellant appealed the transfer in the Northern District. *See* Case No. 1:24-cv-237-MW-ZCB, Doc. 19 at 18 (N.D. Fla. 2025). But what Appellant leaves out is that the Northern District dismissed its appeal for failure to prosecute. *Id.* at Doc. 24. And Appellant (an apparent master of delay) has appealed that order to the Eleventh Circuit. So its concerns will be addressed there.